| 87 | 121 |
| 104 | 436 |

| 87 | 121 |
| 114 | 633 |
| 87 | 121 |
| 116 | 386 |

JOHN SCHMIDT v. BESSIE SPENCER, IMPLEADED WITH HOMER SPENCER.

*Married women—Promissory note—Separate estate.*

1. A note given by a husband and wife, for a loan made and used for his benefit, is void as to the wife, in the absence of representations by her that it is made for her use and benefit.

2. The fact that the husband asked for the loan as the agent of his wife is immaterial, in view of the fact that the lender knowingly took the note of both, as he will be charged with knowledge of the law voiding such a note as to the wife unless valid for reasons stated in former head-note.

Error to Osceola.  (Judkins, J.)  Argued June 4 and July 2, 1891.  Decided July 28, 1891.

*Assumpsit.*  Defendant brings error.  Reversed.  The facts are stated in the opinion.

*Dumon & Cogger,* for appellant, contended:

1. Before the notes could be properly received in evidence as against the appellant, there should have been evidence in the case tending to show that they were given for money that was used for her benefit, or for the benefit of her estate; citing *Emery v. Lord,* 26 Mich. 431; *West v. Laraway,* 28 Id. 465; *Russel v. Bank,* 39 Id. 675; *Powers v. Russell,* 26 Id. 179; *Insurance Co. v. McClellan,* 43 Id. 565; *Johnson v. Sutherland,* 39 Id. 579; *Schlatterer v. Nockodemus,* 51 Id. 627.

2. There is no presumption that the husband of a married woman is her agent; citing *Fechheimer v. Peirce,* 70 Mich. 441; and there is no rule of law by which one can become an agent except by the will of the principal; and a married woman cannot give to an agent power which she does not herself possess, namely, to bind herself except concerning her own property; citing *Insurance Co. v. McClellan,* 43 Mich. 566.

3. There was in the case, as against the appellant, nothing to go to the jury, and the court should have directed a verdict in her favor. It has been uniformly held in this State that our statutes do not authorize a married woman to become personally liable on an executory promise except concerning her separate estate, and that a note given by her for any other purpose is void; citing *DeVries v. Conklin,* 22 Mich. 255; *West v. Laraway,* 28 Id. 465; *Ross v. Walker,* 31 Id. 120; *Jenne v. Marble,* 37 Id. 321; *Buhler v. Jennings,* 49 Id. 539; *Edwards v. McEnhill,* 51 Id. 160; *Fechheimer v. Peirce,* 70 Id. 440; *Littlefield v. Dingwall,* 71 Id. 223; *Artman v. Ferguson,* 73 Id. 146; *Speier v. Opfer,* Id. 35.

*Charles A. Withey,* for plaintiff, contended:

1. The contention of counsel for appellant is that the plaintiff is bound to follow the money after it reaches the hands of the wife, and show that it was used by her for the benefit of herself or her estate. It is conceded that if this is the law plaintiff is defeated; but it is not the law. On the contrary, it is settled that a married woman can buy, borrow, and indorse commercial paper, if the proceeds of the purchase, loan, or indorsement move to her as her own property; citing *Tillman*

v. Shackleton, 15 Mich. 447, 455; Campbell v. White, 22 Id. 178, 185; Rankin v. West, 25 Id. 195, 201; Franklin v. Foster, 20 Id. 77; Amperse v. Common Council, 59 Id. 78; Fafeyta v. McGoldrick, 79 Id. 360; Showman v. Lee, Id. 653.

2. If it was a question, of controlling importance whether or not plaintiff knew what defendants proposed to do with this money, the most that can be claimed for the testimony is that it raised a question of fact to be submitted to the jury, as the plaintiff testified simply to a want of recollection, but said repeatedly that he did not know what was to be done with the money. I contend, however, that it makes no difference whether or not he had this knowledge, because Mrs. Spencer had the necessary capacity to borrow money with which to take up or buy her husband's note, and it would be property in her hands; citing Johnson v. Sutherland, 39 Mich. 579; Buhler v. Jennings, 49 Id. 538.

GRANT, J. This is a suit upon two promissory notes executed by defendants to plaintiff.

Defendants were husband and wife. The husband applied to plaintiff for both these loans, but he would not let him have the money, because the land on which they lived was owned by the wife. It was arranged that both should execute the notes. This was done, and the money paid; plaintiff testifying that he paid it to Mrs. Spencer, and defendants testifying that he paid it to Mr. Spencer. But it is immaterial to which one the money was paid. There was no evidence in the case tending to show that the money was borrowed for the use and benefit of the wife, or for her separate estate. In fact, it was borrowed and used for the sole benefit of the husband. Neither of the defendants informed plaintiff that the loan was for the benefit of the wife, nor had he any reason to infer that it was for her benefit. In the absence of such representations by her, and the presence of the fact that the loan was for the husband's benefit, the note as to her is void.

It is true that the plaintiff testified that Mr. Spencer asked for the second loan as the agent of his wife, but

this becomes immaterial, in view of the fact that he knowingly took the note of husband and wife. He must be held to know the law, that such a note is void as to the wife unless the money was borrowed for the benefit of her separate estate, or she has made representations which will estop her from setting up the defense.

The learned circuit judge should have instructed the jury to render a verdict for the defendant.

Judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.